ELIZA ZUNDEL, APPELLANT, *v.* LOUISA TACKE AND OTHERS, RESPONDENTS.

*Parties to an action — who may apply to be made parties.*

In an action brought to foreclose a mortgage the brother of the deceased mortgagor, who claimed to be his heir and next of kin, asked leave to appear and defend upon the ground that the mortgagor, his brother, was not indebted to the plaintiff in any sum whatever. It appeared that the mortgagor died without issue and left a last will and testament, the executors of which, and the widow of the deceased and the tenants in possession of the mortgaged premises, had been made parties defendant to this action.

*Held,* that the application should be granted.

APPEAL from an order granting an application of August Tacke to be made a party to this action.

The action was brought to foreclose a mortgage upon the real

estate of one Christopher Tacke, deceased, who died in April, 1887, before this action was commenced, without issue him surviving. August Tacke, a brother and alleged heir of said deceased, was not made a party to the action, and in October, 1887, and before any judgment of foreclosure and sale was made, said August Tacke applied to the court where the action is pending for an order making him a party thereto.

*D. S. Riddle* for the respondent.

*David Walch* for the appellant.

Brady, J.:

The action is to foreclose a mortgage given to the plaintiff. The brother of the mortgagor, as heir and next of kin, asked leave to appear and defend upon the ground that the mortgagor, his brother, was not indebted to the plaintiff in any sum whatever, and asserting in addition that she was his housekeeper; that he was infirm in mind and body for over a' year prior to his death, sick and afflicted with paralysis, and wholly under the influence of the plaintiff, whose children he supported while she lived with him. The court below granted the relief. The Code, by sections 447 and 452, which were considered in two cases in this department, provide for the application made herein. By the former, any person may be made a defendant who has or claims an interest adverse to the plaintiff, and by the latter where a person not a party to an action has an interest in the subject, or in real property, the title to which may in any manner be affected by the judgment and makes application to the court to be a party it .must direct him to be brought in by proper amendment. The cases referred to are *Haas* v. *Craighead* (19 Hun, 396), and *Earle* v. *Hart* (20 id., 75), the latter of which was an action of foreclosure. If the mortgagor was not indebted to the plaintiff, or if the mortgage was obtained by undue influence, a good defense would be asserted and if established would defeat the action. The order appealed from therefore, appears to have been properly made and should be affirmed with ten dollars costs and disbursements of the appeal.

Van Brunt, P. J., and Daniels, J., concurred.

Order affirmed with ten dollars costs and disbursements.